UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MICHELE A. BERLIN and<br>RICHARD BRUCE BERLIN,<br><br>       Plaintiffs,<br>  v.<br><br>STEPHEN G. WHITON;<br>DREISKE ENTERPRISES, INC.; and<br>DREISKE ENTERPRISES, INC. dba TH ROGERS,<br>HYPER DRIVE LOGISTICS, and/or<br>A. DREISKE LOCAL MOVING, INC.,<br><br>       Defendants. | No. 19-CV-3953<br><br>**Jury Demanded** |

**COMPLAINT**

Now come the Plaintiffs, **MICHELE A. BERLIN** and **RICHARD BRUCE BERLIN**, by and through their attorney, Philip J. Berenz of Berenz Law Network Professional Corporation, and complaining of the Defendants, **STEPHEN G. WHITON,** Individually and as an agent of and **DREISKE ENTERPRISES, INC.**; **DREISKE ENTERPRISES, INC.**; and **DREISKE ENTERPRISES, INC. dba TH ROGERS, HYPER DRIVE LOGISTSICS, and/or A. DREISKE LOCAL MOVING, INC.**, separately and each of them, pleading hypothetically and in the alternative, stating as follows:

**INTRODUCTION**

1. This is a civil action seeking monetary damages against Defendants for committing acts or omissions of negligence against Plaintiff **MICHELE BERLIN** and for Loss of Consortium as to Plaintiff **RICHARD BRUCE BERLIN** as a result of an automobile accident.

1

**JURISDICTION, VENUE and PARTIES**

2. Plaintiff **MICHELE A. BERLIN** ("**MICHELE**") is a citizen of the State of Florida.

3. Plaintiff **RICHARD BRUCE BERLIN** ("**BRUCE**") is a citizen of the State of Florida.

4. Defendant **STEPHEN G. WHITON** is a citizen of the State of Illinois.

5. Defendant **DREISKE ENTERPRISES, INC.** is an Illinois corporation that has at least three (3) assumed names per the Illinois Secretary of State and apparently does business at times as **TH ROGERS, HYPER DRIVE LOGISTSICS, and/or A. DREISKE LOCAL MOVING, INC.**

6. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

7. The Court has jurisdiction under 28 U.S.C. §1332.

8. Venue is proper in the Northern District as the accident at issue occurred in McHenry County, Illinois, while the McHenry City Police department conducted an investigation at the scene in McHenry City, Illinois in the Western Division. At the time of this incident, Plaintiffs lived in Wauconda, Lake County Illinois in the Eastern Division of this District but have since moved to Florida. However, at least one other driver witness and two passengers in said vehicle involved in the accident were from Libertyville, Lake County Illinois which is in the Eastern Division of this District. Further, at least three medical provider witnesses that Plaintiff Michele Berlin treated with are located in Libertyville, Lake County, Illinois in the Eastern Division of this District. Another driver witness involved in this accident was driving a vehicle owned by a company in Carpentersville, Kane County Illinois in the Eastern Division of

this District. Upon information and belief, Defendant Dreiske Enterprises, Inc. has a "service area" via at least one of its assumed names that extends into multiple states and that offers delivery up to 500 miles in the States of Illinois, Wisconsin, Michigan, Iowa and Indiana thereby, upon information and belief, engaging in business in multiple counties that lie in and about the Eastern and Western Divisions of the Northern District of Illinois with its physical address being on the "eastern edge" of the County of McHenry.

## GENERAL ALLEGATIONS

9. On or about June 16, 2017, W. Elm Street was a generally east and west bound public roadway at or near its intersection with N. Green Street, located in the City of McHenry, County of McHenry, and State of Illinois.

10. On or about the day and date aforesaid, the Plaintiff, **MICHELE**, operated her motor vehicle in an eastbound direction along and upon W. Elm Street at or near its intersection with N. Green Street, located in the City of McHenry, County of McHenry, and State of Illinois.

11. On or about the day and date aforesaid, the Defendant, **DREISKE ENTERPRISES, INC.** or **DREISKE ENTERPRISES, INC. dba TH ROGERS, HYPER DRIVE LOGISTSICS, and/or A. DREISKE LOCAL MOVING, INC.** owned a certain motor vehicle being operated at relevant times by Defendant **STEPHEN G. WHITON**.

12. On or about the day and date aforesaid, the Defendant, **STEPHEN G. WHITON** operated said motor vehicle in an eastbound direction along and upon W. Elm Street at or near its intersection with N. Green Street, located in the City of McHenry, County of McHenry, and State of Illinois.

13. That at the time and place aforesaid the Defendants, and each of them, owed the duty to the Plaintiff to exercise ordinary care and caution in the safe operation of the motor vehicle.

## COUNT I – NEGLIGENCE
## MICHELE A. BERLIN v. STEPHEN G. WHITON, INDIVIDUALLY

14. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

15. On or about the day and date aforesaid, the Defendant, **STEPHEN G. WHITON**, then and there so carelessly, negligently, wrongfully and unlawfully operated and maintained the said motor vehicle so that as a direct and proximate result thereof, the Defendant, **STEPHEN G. WHITON** struck the rear of Plaintiff's vehicle.

16. On or about the day and date aforesaid, the Defendant did one or more of the following careless and negligent acts:

    (a) Operated, managed, maintained, and controlled said motor vehicle while, upon information and belief, texting just before, or at the time of, the impact, so that as a direct and proximate result thereof the Plaintiff was injured.

    (b) Operated said motor vehicle at a rate of speed that was greater than reasonable and proper with regard to traffic conditions in the use of the way, contrary to and in violation of the provisions of Chapter 625, Section 5/11-601(a) of the ILCS (Chapter 95½, Section 11-601(a) of the Revised Statutes of the State of Illinois).

    (c) Operated said motor vehicle without keeping a proper and sufficient lookout for other vehicles in and about the area and specifically the Plaintiff motor vehicle.

    (d) Followed the Plaintiff motor vehicle more closely than was reasonable and prudent, having no regard for the speed of said vehicles and the condition of the traffic upon the way, contrary to and in violation of the provisions of Chapter 625, Section 5/11-710(a) of the ILCS (Chapter 95½, Section 11-710(a) of the Revised Statutes of the State of Illinois).

    (e) Failed to give audible and proper warning of the approach of said motor vehicle, although such warning was necessary to insure the safe operation of said vehicle, contrary to and in violation of the provisions of Chapter 625, Section 5/12-601(a)

    of the ILCS (Chapter 95 ½, Section 12-601(a) of the Revised Statutes of the State of Illinois).

 (f) Failed to maintain proper control over said motor vehicle at all times.

 (g) Failed to stop said motor vehicle so as to avoid striking the Plaintiff motor vehicle.

 (h) Failed to change the course of said motor vehicle so as to avoid striking the Plaintiff motor vehicle.

 17. That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions on the part of the Defendant, **STEPHEN G. WHITON** the Plaintiff, **MICHELE** then and there sustained property damage, severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff further lost wages as a result of this incident. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

 WHEREFORE, the Plaintiff, **MICHELE A. BERLIN** prays for monetary relief against the Defendant, **STEPHEN G. WHITON**, for a sum in excess of the jurisdictional limit of the United States District Court, Northern District of Illinois, which shall represent fair and just compensation.

**COUNT II – NEGLIGENCE**
**MICHELE A. BERLIN V. DREISKE ENTERPRISES, INC.; and DREISKE ENTERPRISES, INC. dba TH ROGERS, HYPER DRIVE LOGISTSICS, and/or A. DREISKE LOCAL MOVING, INC.**

 18. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

19**.** At all times relevant to this matter, Defendant, **STEPHEN G. WHITON** was acting within the scope of his employment as an agent, representative, and/or manager for Defendant **DREISKE ENTERPRISES, INC.** or **DREISKE ENTERPRISES, INC. dba TH ROGERS, HYPER DRIVE LOGISTSICS, and/or A. DREISKE LOCAL MOVING, INC.**

20. On the aforementioned date, the Defendant, **STEPHEN G. WHITON**, while acting in the scope of his employment for Defendant **DREISKE ENTERPRISES, INC.** or **DREISKE ENTERPRISES, INC. dba TH ROGERS, HYPER DRIVE LOGISTSICS, and/or A. DREISKE LOCAL MOVING, INC.**, while traveling in an eastbound direction along and upon W. Elm Street at or near its intersection with N. Green Street, located in the City of McHenry, County of McHenry, and State of Illinois failed to keep a proper look out for the Plaintiff and as a result, Plaintiff was injured.

21. At all times material to this matter, Defendant **DREISKE ENTERPRISES, INC. or DREISKE ENTERPRISES, INC. dba TH ROGERS, HYPER DRIVE LOGISTSICS, and/or A. DREISKE LOCAL MOVING, INC.**, by and through its employee, agent representative and/or manager, **STEPHEN G. WHITON**, was under a duty to operate the vehicle in a safe and reasonable manner consistent with traffic laws for the State of Illinois.

22. At the time and place aforesaid, the Defendant **DREISKE ENTERPRISES, INC.** or **DREISKE ENTERPRISES, INC. dba TH ROGERS, HYPER DRIVE LOGISTSICS, and/or A. DREISKE LOCAL MOVING, INC.**, by and through its employee, agent representative and/or manager, **STEPHEN G. WHITON**, breached said duty in one or more of the following ways;

    (a) Operated, managed, maintained, and controlled said motor vehicle while, upon information and belief, texting just before, or at the time of, the impact, so that as a direct and proximate result thereof the Plaintiff was injured.

(b) Operated said motor vehicle at a rate of speed that was greater than reasonable and proper with regard to traffic conditions in the use of the way, contrary to and in violation of the provisions of Chapter 625, Section 5/11-601(a) of the ILCS (Chapter 95½, Section 11-601(a) of the Revised Statutes of the State of Illinois).

(c) Operated said motor vehicle without keeping a proper and sufficient lookout for other vehicles in and about the area and specifically the Plaintiff motor vehicle.

(d) Followed the Plaintiff motor vehicle more closely than was reasonable and prudent, having no regard for the speed of said vehicles and the condition of the traffic upon the way, contrary to and in violation of the provisions of Chapter 625, Section 5/11-710(a) of the ILCS (Chapter 95½, Section 11-710(a) of the Revised Statutes of the State of Illinois).

(e) Failed to give audible and proper warning of the approach of said motor vehicle, although such warning was necessary to insure the safe operation of said vehicle, contrary to and in violation of the provisions of Chapter 625, Section 5/12-601(a) of the ILCS (Chapter 95 ½, Section 12-601(a) of the Revised Statutes of the State of Illinois).

(f) Failed to maintain proper control over said motor vehicle at all times.

(g) Failed to stop said motor vehicle so as to avoid striking the Plaintiff motor vehicle.

(h) Failed to change the course of said motor vehicle so as to avoid striking the Plaintiff motor vehicle.

23. That as a direct and proximate result of one or more of the aforesaid careless and negligent act and/or omissions of Defendant **DREISKE ENTERPRISES, INC.** or **DREISKE ENTERPRISES, INC. dba TH ROGERS, HYPER DRIVE LOGISTSICS, and/or A. DREISKE LOCAL MOVING, INC**., by and through its employee, agent representative and/or manager STEPHEN G. WHITON, the Plaintiff, MICHELE then and there sustained property damage, severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further lost

7

wages as a result of this incident. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, **MICHELE A. BERLIN** prays for monetary relief against the Defendant **DREISKE ENTERPRISES, INC.** or **DREISKE ENTERPRISES, INC. dba TH ROGERS, HYPER DRIVE LOGISTSICS, and/or A. DREISKE LOCAL MOVING, INC.**, jointly and severally, for a sum in excess of the jurisdictional limit of the United States District Court, Northern District of Illinois, which shall represent fair and just compensation.

### COUNT III – LOSS OF CONSORTIUM
### RICHARD BRUCE BERLIN V. STEPHEN G. WHITON, Individually and as an agent of and DREISKE ENTERPRISES, INC.; and DREISKE ENTERPRISES, INC. dba TH ROGERS, HYPER DRIVE LOGISTSICS, and/or A. DREISKE LOCAL MOVING, INC.

24. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

25. As a consequence of the accident further described above, **MICHELE** sustained significant and permanent injuries as more fully described above.

26. Before suffering the injuries resulting from the accident, **MICHELE** was able to and did perform the duties of a wife as to her husband, **BRUCE**, and did perform these duties, including but not limited to maintaining the home, providing love, companionship, affection, society, moral support, and solace to her husband, **BRUCE**.

27. **BRUCE** suffered from loss of society and consortium as a result of the injuries to his wife, **MICHELE**.

\* \* \* REMAINDER OF PAGE INTENTIONALLY LEFT BLANK \* \* \*

WHEREFORE, the Plaintiff, **RICHARD BRUCE BERLIN**, prays for judgment against the Defendants, **STEPHEN G. WHITON,** Individually and as an agent of **DREISKE ENTERPRISES, INC.** or **DREISKE ENTERPRISES, INC. dba TH ROGERS, HYPER DRIVE LOGISTSICS, and/or A. DREISKE LOCAL MOVING, INC.**, jointly and severally, for a sum in excess of the jurisdictional limit of the United States District Court, Northern District of Illinois, which shall represent fair and just compensation.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

>Respectfully submitted,
>**PLAINTIFFS:**
>**MICHELE &**
>**RICHARD BRUCE BERLIN:**
>
>/s/ Philip J. Berenz
>By: Plaintiffs' Attorney

**Philip J. Berenz**
ARDC#6271943
**BERENZ LAW NETWORK**
**PROFESSIONAL CORPORATION**
33 N. Dearborn Street, Suite 1000
Chicago, Illinois 60602
312.375.6524 (telephone)
312.275.7182 (facsimile)
Phil@CounselorOffices.net